**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RICHARD ARJUN KAUL, M.D., et al., Plaintiffs, vs. INTERCONTINENTAL EXCHANGE, et al., Defendants. | : | Case No. 1:23-cv-02016-JLR |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FEDERATION OF STATE MEDICAL BOARDS AND ARTHUR HENGERER'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Jay Ward Brown
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Telephone: 202.508.1136
Facsimile: 202.661.2299
brownjay@ballardspahr.com

*Counsel for Defendants Federation of State Medical Boards of the United States, Inc. and Arthur Hengerer*

**ARGUMENT**

This case follows a line of frivolous lawsuits Plaintiff Richard Kaul has filed at least 14 times in federal courts across the United States. As before, Kaul has sued a raft of defendants, including the Federation of State Medical Boards of the United States, Inc. (the "Federation"), a frequent victim of Kaul's abuse of the court system, and the Federation's former board chair Arthur Hengerer.[1] Kaul generally accuses the defendants of engaging in a widespread conspiracy to deprive him of his license to practice medicine. The Federation Defendants move to dismiss the Complaint for two reasons.

***First***, Kaul filed his Complaint in direct violation of this Court's order prohibiting him from pursuing such claims against his frequent targets—including the Federation and Dr. Hengerer—without first obtaining leave of this Court (the "Anti-Filing Injunction"). *See* Ex. 1 (Sept. 12, 2022 Order in *Kaul v. Intercontinental Exchange*, No. 21-cv-6992 (JPO)).[2]

In particular, Judge Oetken previously noted that "Kaul has as extensive history of duplicative lawsuits" that "all concern the denial of his medical license in New Jersey as well as subsequent related proceedings." *Id.* at 16. The Anti-Filing Injunction also recognized that "Kaul has a history of being a vexatious and harassing litigant," "has no objective expectation of prevailing" on his repeatedly filed and dismissed claims, and, despite his status as a *pro se* litigant, is nonetheless "a sophisticated litigant." *Id.* at 16-17. Presciently, Judge Oetken also

---

[1] The Federation is a 501(c)(6) non-profit corporation whose members are the medical and osteopathic boards of the various states and U.S. territories; it has no authority to license or discipline physicians. Dr. Hengerer served as member of the Federation's Board of Directors from 2011-2018 and chair from 2017-2018. This brief refers to the Federation and Dr. Hengerer together as the "Federation Defendants."

[2] For the Court's convenience, the Federation Defendants attach as **Exhibit 1** to this memorandum a copy of this judicially noticeable order. They also attach a copy of Kaul's Amended Complaint filed in the same action, excluding the hundreds of pages of exhibits, as **Exhibit 2**.

predicted that "[t]here is no reason to think that [Kaul's vexatious conduct] will abate," noting that Kaul "has already ignored" one anti-filing injunction. *Id*. at 18. Given those and other factors, the Anti-Filing Injunction curtailed Kaul's ability to file similar claims against the Federation Defendants:

> From the date of this Opinion and Order, Plaintiff Kaul is barred from filing in any United States district court any action, motion, petition, complaint, or request for relief against any of the Defendants named in this litigation that relates to or arises from (i) the denial of his medical license; (ii) subsequent litigation proceedings initiated by the Defendants here before the date of this Order; (iii) subsequent litigation proceedings initiated by Plaintiff Kaul before the date of this Order; without first obtaining leave from this Court. Any motion for leave must include the caption "Request for Permission to File under Filing Injunction" and must be submitted to the Pro Se Intake Unit of this Court along with Plaintiff Kaul's proposed filings.
>
> If Plaintiff Kaul violates this Opinion and Order and files any materials without first obtaining leave to file, any request will be denied for failure to comply with this Opinion and Order, and Plaintiff Kaul may be subject to sanctions, including monetary penalties or contempt.

*Id*. at 19.

In substance, the allegations Kaul asserts against Dr. Hengerer in this case are verbatim carryovers from those asserted against him in the Amended Complaint dismissed by Judge Oetken. *Compare* Compl. (ECF No. 1) ¶¶ 196-99 *with* Ex. 2 at 36. Similarly, the allegations Kaul asserts in this case against the Federation are substantially the same as before. *Compare* Compl. ¶¶ 172-75, 200-05 *with* Ex. 2 at ¶¶ 115-18, pp. 36-37. Kaul's claims against the Federation Defendants are therefore necessarily encompassed in the categories of claims the Anti-Filing Injunction prohibits.[3] As such, the Court should dismiss the Complaint as against the

[3] Plaintiff David Basch has not asserted claims against the Federation Defendants.

Federation Defendants with prejudice. *See, e.g.*, *Brady v. NYP Holdings, Inc.*, No. 21-CV-3482 (LJL), 2022 WL 992631, at *10 (S.D.N.Y. Mar. 31, 2022) (dismissing complaint under Rule 12(b)(6) because it was filed in violation of anti-filing injunction).

***Second***, the Complaint should be dismissed for the separate and independent reason that Kaul once again has failed to comply with Federal Rule of Civil Procedure 8(a)(2). That rule requires Kaul to set forth "a short and plain statement of the claim showing that" Kaul is entitled to relief. Failure to satisfy that pleading requirement is ground for dismissal. *See, e.g.*, *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 234-35 (2d Cir. 2003) ("A complaint fails to comply with Rule 8(a)(2) if it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

Kaul's Complaint and exhibits number 169 pages and depend on, as the District of Massachusetts put it in describing a similar Kaul pleading, "bizarre, far-fetched" claims that are "reliant on flawed premises" and "spurious comparisons between the insurance industry, on the one hand, and Nazi Germany and slavery, on the other, and difficult-to-follow references to Mr. Kaul's other pending litigations (and related documents)." *Kaul v. Boston Partners, Inc.*, ("*Boston Partners*") No. 21-cv-10326-ADB, 2021 WL 3272216, at *3 (D. Mass. July 30, 2021) (cleaned up). For this separate and independent reason, then, the Court should dismiss the Complaint. Moreover, given that Kaul has repeatedly insufficiently asserted similar claims in multiple courts, any leave to amend would be futile. Dismissal should accordingly be with prejudice.

## CONCLUSION

For the foregoing reasons, the Federation Defendants respectfully request that the Complaint against them be dismissed, with prejudice.

Dated: April 27, 2023

BALLARD SPAHR LLP

By: */s/ Jay Ward Brown*
Jay Ward Brown

Jay Ward Brown
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Telephone: 202.508.1136
Facsimile: 202.661.2299
brownjay@ballardspahr.com

*Attorneys for Defendants*
*Federation of State Medical Boards of the United States, Inc. and Arthur Hengerer*