UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.D. RICHARD ARJUN KAUL, et al.,<br><br>Plaintiffs,<br><br>-against-<br><br>INTERCONTINENTAL EXCHANGE, et al.,<br><br>Defendants. | 23-cv-02016 (JLR) (OTW)<br><br>**<u>OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs M.D. Richard Arjun Kaul ("Kaul") and David Basch ("Basch", and together with Kaul, "Plaintiffs") bring this suit against Intercontinental Exchange, GEICO Insurance Company ("GEICO"), TD Bank, Allstate Insurance Company ("Allstate"), Federal State Medical Boards ("FSMB"), Arthur Hengerer, Christopher J. Christie, Daniel Stolz, Atlantic Health System ("AHS"), Robert Heary, Philip Murphy, Gurbir Grewal, Rivkin Radler Law Firm, Max Gersenoff, and unidentified John Doe and Jane Doe defendants (collectively, "Defendants").  Plaintiffs allege that Defendants engaged in a scheme in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") that resulted in the revocation of Kaul's medical license.  *See generally* ECF No. 1 ("Compl.").  For the following reasons, the Court dismisses the Complaint in its entirety with prejudice.

## **<u>BACKGROUND</u>**

### I.      Filing History

"In March 2014, the New Jersey State Board of Medical Examiners . . . revoked [Kaul's] medical license" for performing spine surgeries without "proper training and experience." *Kaul v. Christie*, 372 F. Supp. 3d 206, 215, 221 (D.N.J. 2019) (describing disciplinary proceedings

that addressed Kaul's operations on eleven patients that "placed the public in clear and imminent danger" (alterations adopted)). In response, Kaul filed lawsuits around the country alleging that various lawyers, hospitals, insurance companies, and media figures conspired to make an example of him and cause public officials to bar him from practicing medicine in New Jersey. *See Kaul v. Intercontinental Exch.* ("*Kaul* 2021"), No. 21-cv-06992 (JPO), 2022 WL 4133427, at *1 (S.D.N.Y. Sept. 12, 2022) (noting the "long saga of repetitive, frivolous lawsuits" brought by Kaul). Kaul filed four similar lawsuits in the Southern District of New York that were transferred to the District of New Jersey. *See id.* (citing *Kaul v. Christie*, 16-cv-01346 (S.D.N.Y. Apr. 19, 2016); *Kaul v. Christie*, 18-cv-03131, 2018 WL 10038784 (S.D.N.Y. Apr. 11, 2018); *Kaul v. Schumer*, 19-cv-03046 (S.D.N.Y. May 29, 2019); *Kaul v. Murphy*, 21-cv-05293 (S.D.N.Y. June 21, 2021). Kaul filed additional lawsuits across the country, many of which were transferred to the District of New Jersey. *Id.* (collecting cases). "Plaintiff Kaul has never received any relief in these cases," as the District of New Jersey dismissed many of Kaul's claims and Kaul voluntarily dismissed others. *Id.* at *2.

On August 19, 2021, Kaul and Basch filed an action in this District alleging six conspiracies, including "a purported kidnapping" and "a Slaving-Nazi-COVID-Insurance Axis." *Id.* at *2-3. On September 12, 2022, Judge Oetken dismissed that complaint with prejudice and barred Kaul from filing "new actions arising from these facts." *Id.* at *4. The Court warned that "[i]f Plaintiff Kaul violates this Opinion and Order and files any materials without first obtaining leave to file, any request will be denied for failure to comply with this Opinion and Order, and Plaintiff Kaul may be subject to sanctions, including monetary penalties or contempt." *Id.* at *9.

II.     **Factual Background**

Plaintiffs have now filed, without leave, another complaint alleging that Defendants supported a multi-billion-dollar enterprise to regulate and discipline civilians, like Kaul, in

2

violation of their human rights and the Constitution.  Compl. ¶¶ 3-4; *see also Kaul* 2021 at *2 (alleging nearly identical claims).  Plaintiffs claim that the Defendant insurance companies are committing racketeering through a "Slaving-Nazi-COVID-Insurance Axis" to "force[] mass global vaccination programs." Compl. ¶¶ 17-18.

Plaintiffs admit to filing several similar lawsuits between 2015 and 2022.  *Id.* ¶ 4.  Plaintiffs' current Complaint alleges a violation of Sarbanes Oxley, RICO conspiracies (identified as "RICO 4-9" and "BASCH CLAIM RICO"), violations of "civil rights," a Section 1983 claim, violations of the 1st, 2nd, 4th, 5th, 6th, 8th, and 14th Amendments, and a violation of the "UN Charter of Human Rights."  *See generally id*.  Portions of the Complaint are seemingly a "copy and paste" from the amended complaint filed in *Kaul* 2021.  *Compare id*. ¶¶ 16-21, 27, 29-35, 71-222 with *Kaul v. Intercontinental Exch*., No. 21-cv-6992 (JPO), ECF No. 14 ("*Kaul* 2021 Compl.") ¶¶ 6-10, 12-152.  These claims are summarized in Judge Oetken's opinion, and the Court assumes familiarity with those allegations.  *Kaul* 2021 at *2-3.

Notwithstanding, Plaintiffs claim this lawsuit is an "independent action" alleging new facts and "new racketeering injuries."  Compl. ¶ 7.  The first "new" allegation is that Judge Oetken fraudulently dismissed Plaintiffs' previous case, *Kaul* 2021; and Judge Oetken "tacitly admitted to having received bribes and conspiring with the Defendants and or their agents." Compl. ¶¶ 5, 12.  Plaintiffs allege that various Defendants bribed Judge Oetken to dismiss *Kaul* 2021 and enter the injunction that prevents Plaintiff from prosecuting the "Kaul Cases." *Id.* ¶¶ 22-24.

Second, Plaintiffs allege that the New York State Medical Board colluded with "[t]he Kaul Cases Defendants" to deny Kaul's medical license application.  *Id.* ¶ 25; *see also id*. ¶¶ 43-57.

3

Third, Plaintiffs claim that three defendant insurers – FSMB, Allstate, and GEICO – used the State of California - UC San Diego Physician Assistant and Clinical Education ("PACE") Program to further their racketeering scheme. *Id.* ¶ 58. Plaintiffs allege that PACE submitted a false report to the Pennsylvania Medical Board stating that Kaul "would be a danger to the public" and "likely never meet the standards to ever return to the practice of medicine." *Id.* ¶ 64.

### III.   Procedural Background

Plaintiffs filed the Complaint on March 9, 2023. *See id.* Defendant Allstate requested dismissal of this action on April 19, 2023 on the grounds that the Complaint violates an anti-filing injunction. ECF No. 3. Plaintiffs filed a motion for summary judgment on April 21, 2023. ECF Nos. 6-9. On April 22, 2023, Plaintiffs filed a letter asking the Court to deny Allstate's letter. ECF No. 10. On April 27, 2023, FSMB filed a motion to dismiss on the grounds that the lawsuit at hand (1) violates the anti-filing injunction against Kaul, (2) and fails to comply with Federal Rule of Civil Procedure ("Rule") 8(a)(2). ECF No. 15. On May 2, 2023, Intercontinental Exchange also requested the Court dismiss the case due to the anti-filing injunction. ECF No. 17. Plaintiffs filed a brief opposing FSMB's motion to dismiss on May 2, 2023. ECF No. 19. Plaintiffs then requested default judgment against Robert Heary on May 9, 2023. ECF No. 23. Plaintiffs responded to Defendant Intercontinental Exchange's letter on May 9, 2023. ECF No. 24.

## DISCUSSION

### I.   Anti-Filing Injunction Against Kaul

This lawsuit runs afoul of Judge Oetken's order barring Kaul from filing any lawsuits related to the facts of his earlier cases. Specifically, Judge Oetken barred Kaul:

> from filing in any United States district court any action,
> motion, petition, complaint, or request for relief against any
> of the Defendants named in this litigation that relates to or

4

> arises from (i) the denial of his medical license;
> (ii) subsequent litigation proceedings initiated by the
> Defendants here before the date of this Order;
> (iii) subsequent litigation proceedings initiated by Plaintiff
> Kaul before the date of this Order; without first obtaining
> leave from this Court.

*Kaul* 2021 at *9.

The Complaint is against *all* of the defendants from *Kaul* 2021. *See id.* Here, as in *Kaul* 2021, Plaintiffs sued: Intercontinental Exchange, GEICO, TD Bank, Allstate, FSMB, Arthur Hengerer, Christopher J. Christie, Daniel Stolz, AHS, Robert Heary, Philip Murphy, Gurbir Grewal, Rivkin Radler Law Firm, Max Gersenoff, and unidentified John Doe and Jane Doe defendants. Compl. ¶ 1; *Kaul* 2021 at *1. Therefore, Kaul is barred from bringing this action if it "relates to or arises" from any of the three conditions listed in Judge Oetken's anti-filing injunction. *Kaul* 2021 at *9.

Turning to the first condition, the facts of this lawsuit indisputably arise from the denial of Kaul's medical license. *See id*; Compl. The complaint alleges that Kaul's medical license was wrongfully revoked as part of a pattern of racketeering involving Defendants. *See generally* Compl. As stated previously, much of the Complaint is nearly identical to Plaintiffs' previous allegations, allegations which were also based on the revocation of Kaul's medical license. *Compare id*. ¶¶ 16-21, 27, 29-35, 71-222 with *Kaul* 2021 Compl. ¶¶ 6-10, 12-152.

The three RICO claims that Plaintiffs claim are "new" all stem from the denial of Kaul's medical license and are therefore barred by the injunction. Plaintiffs' first RICO claim relates to Judge Oetken's decision to deny Plaintiffs' complaint regarding the denial of his medical license in collusion with the "[t]he Kaul Cases Defendants." Compl. ¶¶ 36-42. Therefore, this claim relates to or arises from the denial of his medical license and subsequent litigation initiated by

Kaul.[1]  Plaintiffs' second RICO claim alleges a conspiracy to deny his request for a medical license through the New York State Medical Board.  *Id.* ¶¶ 43-57.  Plaintiffs' third RICO allegation claims that as part of a RICO conspiracy Kaul received a negative report from a medical training facility that prevented him from obtaining a medical license in Pennsylvania.  *Id.* ¶¶ 58-70.  The new RICO allegations also relate to the denial of Kaul's medical license.  Although Plaintiffs may have presented some additional allegations that were not contained in his complaint before Judge Oetken, these allegations clearly fall within the bounds of the anti-filing injunction.  The Court finds that Kaul is barred from bringing the Complaint in this lawsuit as it clearly falls with Judge Oetken's anti-filing injunction.

**II.     Collateral Estoppel**

The doctrine of claim preclusion, also called collateral estoppel, also bars most of Plaintiffs' claims.  Claim preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020).  A court may raise claim preclusion *sua sponte*.  *See Somerset v. Partners Pharmacy, LLC*, No. 20-cv-01241 (CM), 2020 WL 1144582, at *2 (S.D.N.Y. Mar. 6, 2020) ("Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue.").  As the Court has addressed already, the majority of the Complaint is a near replica of the complaint in *Kaul* 2021.  The Court provided a final decision on all the claims in *Kaul* 2021 denying those claims with prejudice.  *See generally Kaul* 2021.  Therefore, the

---

[1] Plaintiff did not appeal or seek any post-judgment relief.  Nevertheless, the Court need not address whether the current lawsuit is the procedurally proper way to challenge the decision in *Kaul* 2021.

doctrine of claim preclusion bars all of the claims in this action except the three new RICO claims, which were not already adjudicated, but which are barred by the injunction.

### III.     Rule 8(a)(2)

The Complaint should also be dismissed pursuant to Rule 8(a)(2). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Courts may dismiss a complaint *sua sponte* for noncompliance with Rule 8(a)(2) when 'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Dorisca v. Rawls*, No. 18-cv-09756 (JGK), 2019 WL 2085360, at *2 (S.D.N.Y. May 10, 2019) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

As this Court found the last time it reviewed a *Kaul* complaint, "the . . . complaint 'contains rambling quotes and excerpts from various sources, . . . spurious comparisons between the insurance industry, on the one hand, and Nazi Germany and slavery, on the other, . . . and difficult-to-follow references to Mr. Kaul's other pending litigation and related documents.'" *Kaul* 2021 at *5 (citation omitted). Plaintiffs' inclusion of more facts and claims does not solve the problems that the Court previously identified. That is, the pleadings are still "a prolix and unintelligible conspiracy theory novel." *Id.* (internal quotation marks omitted). Therefore, the Court also dismisses this complaint pursuant to Rule 8(a)(2).

### IV.     Conclusion

The Complaint is hereby dismissed with prejudice. The Court of Clerk is respectfully requested to close this case.

Dated: May 10, 2023          SO ORDERED.
       New York, New York

                             *Jennifer Rochon*
                             JENNIFER L. ROCHON
                             United States District Judge